UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OWINO KATANGA and NEMA KATANGA, a married couple,

Plaintiffs,

v.

PRAXAIR SURFACE TECHNOLOGIES, INC., d/b/a PRAXAIR SPECIALTY CERAMICS, a Delaware corporation,

Defendant.

Case No. C08-1429 MJP

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant's motion to dismiss based on worker's compensation immunity. Having considered the motion (Dkt. No. 6), Plaintiffs' response (Dkt. No. 9), and Defendant's reply (Dkt. No. 10), and having determined that oral argument on the motion is unnecessary, the Court DENIES Defendant's motion for the reasons set forth below.

## Background

Plaintiff Owino Katanga was injured while working at Defendant Praxair's Woodinville manufacturing facility when a part of the manufacturing equipment exploded. (Dkt. No. 1 at 8-9.) Mr. Katanga alleges that the blast threw him against the wall, fractured his nose and wrist, chemically burned his exposed skin, and resulted in permanent vision loss in his left eye. (Dkt. No. 1 at 8-9.)

ORDER - 1

Mr. Katanga and his wife brought this action under RCW 51.24.020, which allows an employee to bring litigation outside the workers compensation insurance scheme when an employer deliberately intends to cause the harm suffered by an employee. Defendant brings this motion requesting that the Court dismiss the complaint for failure to state a claim.

## Analysis

The Industrial Insurance Act ("IIA") grants Washington employers immunity from lawsuits arising from workplace injuries in exchange for a workers compensation system that provides certain recovery to injured employees. Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26 (2005). A limited exception to this exclusive compensation system permits an employee to sue an employer when the employer intentionally injures the employee. RCW 51.24.020. This exception states:

> If injury results to a worker from the deliberate intention of his or her employer to produce such injury, the worker or beneficiary of the worker shall have the privilege to take under this title and also have cause of action against the employer as if this title had not been enacted, for any damages in excess of compensation and benefits paid or payable under this title.

Id. The exception is designed to deter employers from deliberately injuring their employees; "[e]mployers who engage in such egregious conduct should not burden and compromise the industrial insurance risk pool." Birklid v. Boeing Co., 127 Wn.2d 853, 860-61 (1995).

Washington courts interpret the "deliberate intention" exception narrowly. Prior to Birklid, recovery under the exception was permitted only where an employer physically assaulted an employee. Birklid, 127 Wn.2d at 861-62. The Birklid court expanded the exception to include situations in which "the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." Id. at 865.

To survive Defendant's motion to dismiss, Plaintiffs must plead: (1) that Praxair had actual knowledge that an injury was certain to occur; and (2) that Praxair willfully disregarded that knowledge (the "Birklid test"). Id. at 19. A plaintiff will survive a motion to dismiss if his complaint alleges sufficiently detailed facts demonstrating plausible entitlement to relief.

ORDER - 2

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). On this motion, all allegations of material fact are construed in a light most favorable to Plaintiffs. Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995).

    1. Actual Knowledge that Injury Was Certain to Occur

The Washington Supreme Court narrowly construes the first prong of the Birklid test and has held that the exception does not apply even when employers are grossly negligent or know with substantial certainty that an injury will occur. Vallandigham v. Clover Park Sch. Dist., 154 Wn.2d 16, 17-18 (2005) (citing Birklid, 127 Wn.2d at 860-61). Instead, the plaintiff must demonstrate that the employer had actual knowledge that injury was certain to occur. Id. Taking all inferences in Plaintiffs' favor, the Court finds that Plaintiffs establish Defendant's knowledge of certain injury by alleging that Defendant knew that the equipment explosions were certain to continue and knew that employees were certain to continue working in the area where the explosions occurred.

Washington courts have held that the employer had actual knowledge that injury was certain to occur in three cases involving employees who were continuously exposed to dangerous chemicals. Birklid, 127 Wn.2d at 863; Baker v. Schatz, 80 Wn. App. 775, 784-85 (1996); Hope v. Larry's Markets, 108 Wn. App. 185, 194-95 (2001). In Birklid, Defendant Boeing refused to take preventative measures even when it knew that continuous chemical exposure was injuring employees whose jobs required them to work with those chemicals. Birklid, 127 Wn.2d at 856-58. The Birklid court applied the "deliberate intention" exception, reasoning that previous employee complaints gave Boeing certain knowledge that employees would suffer injury with continued exposure to the chemicals. Id. at 863.

After Birklid, Washington courts found that employers had actual knowledge that injury was certain to occur in two additional chemical exposure cases. See Baker, 80 Wn. App. at 784-85 (denying summary judgment where the employer knew that ongoing chemical exposure was injuring its employees, yet took no remedial measures); Hope, 108 Wn. App. at

ORDER - 3

194-95 (finding that employer knew injury was certain to occur when it knew of ongoing chemical exposure and injuries) (abrogated as to the "willful disregard" prong by Vallandigham, 154 Wn.2d at 33-34). In all three cases, the employer knew that future injury was certain when the employees were continually exposed to harmful chemicals that caused injury. Birklid, 127 Wn.2d at 863; Baker, 80 Wn. App. at 778-79, 784; Hope, 108 Wn. App. at 189, 193.

More recently, the Washington Supreme Court concluded that a school did not have actual knowledge of certain injury where the responsible student's behavior was unpredictable. Vallandigham, 154 Wn.2d at 32-33. In Vallandigham, the Court contrasted the predictability of injury caused by ongoing chemical exposure with the unpredictability of injury caused to teachers by the behavior of a mentally handicapped student, even though that student had caused injury in the past. Id. at 33-34. Future injury was unpredictable in part because of the school's efforts to control the student's behavior and prevent injury. Id.

Since Vallandigham, Washington courts have applied the first prong of the Birklid test in only a few cases, two of which construe the first prong even more narrowly. See French v. Uribe, Inc., 132 Wn. App. 1, 7, 11-12 (2006) (granting summary judgment in favor of the employer where two employees were electrocuted when their equipment struck a live power line, but when no previous power line strikes or injuries had ever occurred); Garibay v. Advanced Silicon Materials, Inc., 139 Wn. App. 231, 237-38 (2007) (affirming summary judgment for the employer where the employer knew that a gas pipe did not comply with safety standards and that a rupture was likely, but where no previous rupture had occurred and it was not certain to whom an injury would occur). However, those cases are distinguishable from the one before this Court. In both French and Garibay, the event causing the employees' injuries, a power line strike and a pipe rupture, had not occurred before the time of the injury. French, 132 Wn. App. at 7; Garibay, 139 Wn. App. at 237-38.

Defendant errs in arguing that Plaintiffs' complaint fails to meet the Birklid test because it does not allege any prior injury caused by the explosions. Washington law does not establish a prior pattern of injuries as a necessary element to the deliberate intention claim.[1] Instead of relying on prior injuries, Plaintiffs meet the pleading standard with two intersecting allegations. First, just as the chemical exposure to employees was ongoing and certain to continue in Birklid, Plaintiffs allege that the explosions in the room where Mr. Katanga regularly worked were ongoing and certain to continue. Plaintiffs' complaint states that "uncontrolled explosions have been a regular occurrence at Praxair's Woodinville facility." (Dkt. No. 1 at 5.) One employee complained to headquarters about "the explosions that commonly (sometimes daily) occurred." (Dkt. No. 1 at 7.) The complaint lists seventeen explosions that occurred prior to the one that injured Mr. Katanga. (Dkt. No. 1 at 5-8.) The Department of Labor and Industries also "found that '[o]ver many years [Defendant Praxair] has experienced repeated overpressure events . . . so many that Praxair had developed a 'log sheet for reporting such events.'" (Dkt. No. 1 at 10.)

Second, Plaintiffs allege that the Praxair employees regularly enter the production room in which the explosions occur. Every time "the collection bucket is full, employees have to physically remove the bucket and unload its contents." (Dkt. No. 1 at 4.) "[T]he explosions have occurred in areas where employees regularly work." (Dkt. No. 1 at 5.) The Department of Labor and Industries found that "Defendant Praxair directly and regularly exposed 'up to 14 employees'" to the dangers of the production room. (Dkt. No. 1 at 11.) Plaintiffs allege both that Defendant knew that explosions were certain to continue and that employees would regularly be exposed to the room where the explosions occur. Together,

---

[1] While French can be read to establish a pattern of injuries requirement, that case is not binding on this Court. Federal courts are compelled to follow the decisions of intermediate state courts only to the extent that the state supreme court has not spoken on the issue. Ogden Martin Sys., Inc. v. San Bernardino County, 932 F.2d 1284, 1288-89 (9th Cir. 1991) (citing West v. Am. Tel. & Tel. Co., 311 U.S. 223, 236-37 (1940)). French applies the standard set forth by the Washington Supreme Court in Birklid and Vallandigham, and the French court's application of that standard should not be applied here because of the factual differences between the cases.

ORDER - 5

these allegations give rise to an inference that Defendant had actual knowledge that injury was certain to occur.

Moreover, the unpredictability in human behavior that prevented the first <u>Birklid</u> prong from being met in <u>Vallandigham</u> is not present here. While in <u>Vallandigham</u> the student's behavior became less predictable after the school's repeated attempts to modify that behavior, Plaintiffs' complaint contains no allegations of clearly remedial actions. Plaintiffs allege that "[t]hough some minor changes were made, the explosions . . . continued." (Dkt. No. 1 at 7.)  There is no reference in the complaint to any other attempts to stop the explosions. Therefore, the Court infers that Defendant knowingly allowed the explosions to continue predictably.

Finally, the Court is mindful of the policy underlying the "deliberate intention" exception. In creating the exception, the Washington legislature intended to prevent employers from subjecting their employees to certain injury while escaping liability. <u>Birklid</u>, 127 Wn.2d at 860-61. Plaintiffs' allegations suggest that Defendant's treatment of its employees is similar to that which the legislature intended to deter, further supporting the Court's conclusion that the pleadings fall within the narrow interpretation of the "deliberate intention" exception.

2. <u>Willful Disregard of Knowledge that Injury Was Certain to Occur</u>

Plaintiffs also plead sufficient facts to demonstrate that Defendant willfully disregarded the knowledge that injury was certain to occur. This prong requires a showing that the employer acted with more than negligence or even gross negligence. <u>French</u>, 132 Wn. App. at 12 (citing <u>Birklid</u>, 127 Wn.2d at 860). In evaluating this prong, Washington courts consider whether the employer has taken steps to prevent employee injury from occurring. See <u>Vallandigham</u>, 154 Wn.2d at 28, 34-35 (stating that the second prong may be met by a showing that the employer knew of the ongoing injury yet failed to take remedial action, but cannot be met by showing that the employer's remedial actions were ineffective).

Plaintiffs allege that Defendants made only "minor changes" and that, although the explosions continued, no further remedial efforts were made. (Dkt. No. 1 at 7.) Thus, taking these facts in the light most favorable to Plaintiff, it is reasonable to infer that Defendant did not attempt to prevent the explosions from occurring.

## Conclusion

Because Plaintiffs' complaint alleges facts sufficient for the Court to infer that Defendant knew that injury was certain to occur and willfully disregarded that knowledge, the Court DENIES Defendant's motion to dismiss.

Pursuant to the Court's order entered on December 5, 2008, the parties' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) are due within 14 days of the date of this order, and the parties' Joint Status Report is due within 21 days of the date of this order. (See Dkt. No. 8.)

DATED this 27th day of February, 2009.

　　　　　　　　　　/s/ Marsha J. Pechman
　　　　　　　　　HONORABLE MARSHA J. PECHMAN
　　　　　　　　　United States District Court Judge